Garrett S. Ledgerwood, OSB # 143701
gledgerwood@hershnerhunter.com
HERSHNER HUNTER, LLP
180 E. 11th Avenue
Eugene, OR 97401
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

George R. Hicks (Ohio Bar Reg. No. 40750)*
ghicks@ulmer.com
ULMER & BERNE, LLP
1660 W. Second Street, Suite 1100
Cleveland, OH 44113
Telephone: (216) 583-7342
Facsimile: (216) 583-7343
*pro hac vice application to be submitted

OF ATTORNEYS FOR PLAINTIFF CHEMICAL BANK F/K/A TALMER BANK AND TRUST

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| CHEMICAL BANK f/k/a TALMER BANK AND TRUST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA L. LAMPE and JENNIFER E. LAMPE,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER** |

　　Plaintiff Chemical Bank f/k/a Talmer Bank and Trust for its Complaint states as follows:

## THE PARTIES

1. Plaintiff Chemical Bank f/k/a Talmer Bank and Trust is a Michigan state-chartered bank regulated by the United States Federal Reserve Board having its principal place of business at 2301 West Big Beaver Road, Troy, Michigan 48084.

2. Upon information and belief, Defendant Sandra L. Lampe is a citizen of the U.S. Virgin Islands or the State of Oregon.

3. Upon information and belief, Defendant Jennifer E. Lampe is a citizen of the State of Oregon. Jennifer E. Lampe is the adult daughter of Sandra L. Lampe.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists among the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## FACTUAL ALLEGATIONS

6. On February 22, 2016, a Wisconsin State Court awarded Plaintiff a judgment against Defendant Sandra L. Lampe and her husband and business associate Michael A. Lampe (collectively, the "Lampes") in the amount of Four Million Four Hundred Twenty-Eight Thousand Forty-One Dollars and Seventy Cents ($4,428,041.70) (together with post judgment interest from February 22, 2016) (the "Judgment").[1]

---

[1] The Wisconsin State Court case was filed on December 2, 2011.

COMPLAINT – Page 2

7. The Judgment remains in full force and effect and nothing has been paid toward it by the Lampes.

8. Subsequent to entry of the Judgment, the Lampes have claimed and continue to maintain that they have insufficient assets to satisfy the outstanding Judgment ostensibly because they are insolvent.

9. Plaintiff has been attempting to collect on the Judgment.

10. Upon information and belief, the Lampes have assets in multiple states and U.S. territories that may be subject to execution and attachment for the purpose of satisfying the Judgment.

11. Plaintiff discovered that the Lampes have interests in real and other property in the United States Virgin Islands that may be subject to execution and attachment for purposes of satisfying the Judgment.

12. In 2017, Plaintiff filed an action in the Superior Court of the Virgin Islands to domesticate the Judgment.

13. On February 9, 2018, the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, entered an Order domesticating the Judgment and noting that it would be treated in the same manner as a judgment of the Superior Court of the Virgin Islands. The Clerk of Court of the Superior Court of the Virgin Islands issued a Writ of Execution against the Lampe Defendants which resulted in proceeds of $11,820.97.

14. Plaintiff discovered that the Lampes have fraudulently conveyed certain assets located in the Virgin Islands through various entities and a trust controlled by the Lampes.

15. On May 4, 2018, Plaintiff commenced an action in the Federal District Court for the District of the Virgin Islands seeking judgment related to fraudulent transfers in the Virgin Islands.[2]

16. In September 2018, Plaintiff served Defendant Sandra Lampe and some other defendants in the District Court of the Virgin Islands action with discovery requests. The discovery requests propounded on Defendant Sandra Lampe request that she identify all real property she owns or owned or has or had an interest in, identify all transfers of real property that she has made, and produce documents reflecting any such interest and transfer.

17. Defendant Sandra Lampe did not provide written responses to Plaintiff's discovery requests propounded to her in the District Court of the Virgin Islands action.

18. Upon information and belief, at least since 1995, Defendant Sandra Lampe has or had an interest in real property located at 1291 Crest Drive, Eugene, Oregon 97405 (the "Crest Drive Property").

19. On or about October 22, 2018, Defendant Sandra Lampe conveyed her interest in the Crest Drive Property to Defendant Jennifer Lampe.

20. On or about November 19, 2018, Plaintiff domesticated the Judgment in the State of Oregon, Case No. 18CV52687, Circuit Court for the State of Oregon for the County of Lane (the "Oregon Judgment").

## COUNT ONE: ACTUAL FRAUDULENT TRANSFER
### (ORS 95.230)

21. Plaintiff repeats and realleges Paragraphs 1 - 20 as if fully stated herein.

---

[2] Case No. 18CV00023-CVG-RM.

COMPLAINT – Page 4

22. The transfer by Defendant Sandra Lampe of her interest in the Crest Drive Property to Defendant Jennifer Lampe was made with the actual intent to hinder, delay and defraud Plaintiff.

23. Plaintiff's Judgment arose before Defendant Sandra Lampe transferred her interest in the Crest Drive Property to Defendant Jennifer Lampe and shortly after Plaintiff commenced its fraudulent transfer suit in the District Court of the Virgin Islands.

24. Defendant Sandra Lampe has removed and concealed assets.

25. Defendant Sandra Lampe did not receive reasonably equivalent value for the transfer of her interest in the Crest Drive Property to Defendant Jennifer Lampe.

26. Defendant Sandra Lampe was insolvent at the time she transferred her interest in the Crest Drive Property to Defendant Jennifer Lampe.

27. Defendant Jennifer Lampe is an insider within the meaning of ORS 95.200(7).

## COUNT TWO: CONSTRUCTIVE FRAUDULENT TRANSFER
### (ORS 95.240)

28. Plaintiff repeats and realleges Paragraphs 1 - 20 as if fully stated herein.

29. Plaintiff's Judgment arose before Defendant Sandra Lampe transferred her interest in the Crest Drive Property to Defendant Jennifer Lampe

30. Upon information and belief, Defendant Sandra Lampe transferred her interest in the Crest Drive Property to Defendant Jennifer Lampe without receiving a present, reasonably equivalent value in exchange for the transfer.[3]

---

[3] See Exhibit "A".

COMPLAINT – Page 5

31. Upon information and belief, at the time Defendant Sandra Lampe transferred her interest in the Crest Drive Property to Defendant Jennifer Lampe, Defendant Sandra Lampe was insolvent.

32. Defendant Jennifer Lampe is an insider within the meaning of ORS 95.200(7).

33. Upon information and belief, Defendant Jennifer Lampe had reasonable cause to believe that Defendant Sandra Lampe was insolvent on the date Defendant Sandra Lampe transferred her interest in the Crest Drive Property to Defendant Jennifer Lampe.

WHEREFORE, Plaintiff respectively requests that this Court enter judgment as follows:

1. With respect to Plaintiff's First Claim for Relief, declaring that the transfer of Defendant Sandra Lampe's interest in the Crest Drive Property to Defendant Jennifer Lampe is null and void and otherwise avoiding the transfer;

2. With respect to Plaintiff's Second Claim for Relief, declaring that the transfer of Defendant Sandra Lampe's interest in the Crest Drive Property to Defendant Jennifer Lampe is null and void and otherwise avoiding the transfer;

3. Declaring that the Oregon Judgment is a valid and subsisting lien against Defendant Sandra Lampe's interest in the Crest Drive Property in accordance with ORS 95.260 and ORS 18.150;

4. Enjoining Defendant Sandra Lampe from further disposition of the Crest Drive Property or any other property that Defendant Sandra Lampe has an interest in;

5. Appointing a receiver to take charge of the Crest Drive Property and sell it so that Plaintiff may levy execution on the Crest Drive Property sale proceeds;

6. Awarding Plaintiff its costs, expenses and attorneys' fees incurred herein; and

7. Granting any other relief and equity this Court may deem just and proper under the circumstances.

DATED: May 31, 2019

HERSHNER HUNTER, LLP

*/s/  Garrett S. Ledgerwood*
Garrett S. Ledgerwood, OSB 143701
gledgerwood@hershnerhunter.com

George R. Hicks (Ohio Bar Reg. No. 40750)*
ghicks@ulmer.com
ULMER & BERNE, LLP
**pro hac vice* application to be submitted*

*Of Attorneys for Plaintiff Chemical Bank f/k/a Talmer Bank and Trust*

2557625v1

COMPLAINT – Page 7

FORM No. P723 – BARGAIN AND SALE DEED.  © 1990-2012 STEVENS-NESS LAW PUBLISHING CO., PORTLAND, OR   www.stevensness.com

BLS — NO PART OF ANY STEVENS-NESS FORM MAY BE REPRODUCED IN ANY FORM OR BY ANY ELECTRONIC OR MECHANICAL MEANS.

Grantor's Name and Address:
Jennifer Lampe
Sandra L Lampe
1291 Crest Drive Eugene, OR 97405

Grantee's Name and Address:
Jennifer Lampe

After recording, return to (Name and Address):
Jennifer Lampe
1291 Crest Dr.
Eugene OR 97405

Until requested otherwise, send all tax statements to (Name and Address):
Jennifer Lampe
1291 Crest Drive
Eugene OR 97405

Lane County Clerk
Lane County Deeds and Records

2018-049398
$127.00

01750423201800493980050056

10/22/2018 02:49:11 PM
RPR-DEED  Cnt=1  Stn=15  CASHIER 04
$25.00  $20.00  $11.00  $61.00  $10.00

## BARGAIN AND SALE DEED

KNOW ALL BY THESE PRESENTS that ___Sandra L. Lampe___

hereinafter called grantor, for the consideration hereinafter stated, does hereby grant, bargain, sell and convey unto ___Jennifer Lampe___ hereinafter called grantee, and unto grantee's heirs, successors and assigns, all of that certain real property, with the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining, situated in ___Lane___ County, State of Oregon, described as follows (legal description of property):

See exhibit A

(IF SPACE INSUFFICIENT, CONTINUE DESCRIPTION ON REVERSE)

To Have and to Hold the same unto grantee and grantee's heirs, successors and assigns forever.
The true and actual consideration paid for this transfer, stated in terms of dollars, is $ ___Change vesting___ ⓒHowever, the actual consideration consists of or includes other property or value given or promised which is ☐ part of the ☐ the whole (indicate which) consideration.① (The sentence between the symbols ①, if not applicable, should be deleted. See ORS 93.030.)
In construing this instrument, where the context so requires, the singular includes the plural, and all grammatical changes shall be made so that this instrument shall apply equally to businesses, other entities and to individuals.
IN WITNESS WHEREOF, grantor has executed this instrument on _____; any signature on behalf of a business or other entity is made with the authority of that entity.

BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON TRANSFERRING FEE TITLE SHOULD INQUIRE ABOUT THE PERSON'S RIGHTS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010. THIS INSTRUMENT DOES NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY THAT THE UNIT OF LAND BEING TRANSFERRED IS A LAWFULLY ESTABLISHED LOT OR PARCEL AS DEFINED IN ORS 92.010 OR 215.010, TO VERIFY THE APPROVED USES OF THE LOT OR PARCEL, TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES, AS DEFINED IN ORS 30.930, AND TO INQUIRE ABOUT THE RIGHTS OF NEIGHBORING PROPERTY OWNERS, IF ANY, UNDER ORS 195.300, 195.301 AND 195.305 TO 195.336 AND SECTIONS 5 TO 11, CHAPTER 424, OREGON LAWS 2007, SECTIONS 2 TO 9 AND 17, CHAPTER 855, OREGON LAWS 2009, AND SECTIONS 2 TO 7, CHAPTER 8, OREGON LAWS 2010.

_[signatures: Sandra Lampe / Jennifer Lampe]_

STATE OF OREGON, County of ___Lane___ ) ss.
This instrument was acknowledged before me on ___10-22-18___,
by ___Jennifer Lampe   Sandra Lampe___
This instrument was acknowledged before me on _____
by _____
as _____
of _____

OFFICIAL STAMP
JUSTIN DAVID CHATHAM
NOTARY PUBLIC – OREGON
COMMISSION NO. 940123
MY COMMISSION EXPIRES JUNE 28, 2019

_[signature]_
Notary Public for Oregon
My commission expires ___June 28 2019___

PUBLISHER'S NOTE: If using this form to convey real property subject to ORS 92.027, include the required reference.

EXHIBIT A
Page 1 of 5

Exhibit A

PROPERTY DESCRIPTION

PARCEL 1:

Beginning at a point 1.60 chains North of the Southeast corner of the Northwest 1/4 of the Southeast 1/4 of Section 12, Township 18 South, Range 4 West of the Willamette Meridian, (said corner being marked on the ground by a 1 1/4 inch iron pipe, and also being the Southeast corner of County Survey No. 1697); thence North 74° 50' East 22.3 feet to a point which is on the Southerly extension of an existing fence line marking the Easterly boundary of the herein described tract of land; thence North 0° 05' East 229.7 feet along said extension and existing fence line, the Southerly end of which is marked by a 3/4 inch iron pipe, to a point marked by a 3/4 inch iron pipe set in a fence corner; thence South 88° 55' West 75.0 feet along the existing fence line which marks the Northerly boundary of the herein described tract to a point marked by a 3/4 inch iron pipe; thence South 0° 05' West 248.6 feet on a line parallel with and 75 feet from the Easterly line of the herein described tract to a point; thence North 74° 50' East 55.4 feet to the point of beginning, in Lane County, Oregon.

PARCEL 2:

Beginning at the 1 1/4 inch iron pipe set in County Survey No. 1697 to mark the Southeast corner of the Northwest one-quarter of the Southeast one-quarter of Section 12, Township 18 South, Range 4 West of the Willamette Meridian; thence North 105.60 feet along the East line of said County Survey, as found in that survey for E.B. Rolfe by Follett and Ford in June 1946 to a point; thence North 74° 50' East 23.02 feet along the centerline of Crest Drive, as shown in said 1946 survey to the true point of beginning in the Southerly extension of the East line of said 1946 survey as monumented on the ground (said point bearing South 0° 05' West 27.04 feet from the 3/4 inch iron pipe set in said 1946 survey and called in the subsequent deeds from Rolfe to Stenson); thence North 0° 05' East 231.74 feet along the East line of said 1946 survey as monumented on the ground to a point on the Westerly line of that survey of the School District No. 4 tract filed at the Lane County Surveyor's Office under No. 12936 (said point bearing North 0° 05' East 2.82 feet from the 3/4 inch iron pipe set in said 1946 survey and called in the deeds from Rolfe to Stenson, and South 89° 54' 25" East 2.15 feet from the 1/2 inch iron pipe set in said Survey No. 12936); thence South 89° 54' 25" East 12.93 feet along said Westerly line to a 1/2 inch iron pipe set in said Survey No. 12936 and, by record, bearing North 238.0 feet and East 35.0 feet from the Southeast corner of the Northwest one-quarter of the Southeast one-quarter of said Section 12; thence South 1° 06' 37" East 226.98 feet along said Westerly line to a point (being referenced on the ground by a 1/2 inch iron pipe set in said Survey No. 12936 and bearing North 1° 06' 37" West 27.38 feet); thence South 74° 50' West 18.30 feet to the true point of beginning, in Lane County, Oregon;
    EXCEPT any portion lying within the right of way of County Road No. 391 (Crest Drive).

INDIVIDUAL BARGAIN AND SALE DEED                               WPTCO 125792-C

# 9574035

15—
10—
20—

MICHAEL A. LAMPE and SANDRA L. LAMPE , Grantor,
conveys to

JENNIFER LAMPE and SANDRA L. LAMPE, not as tenants in common, but with rights
of survivorship, that is, the fee shall vest in the survivor thereof , Grantee,
the following described real property situated in    Lane           County   Oregon
to-wit:  See attached Exhibit A.

```
2902DEC.28'95H06REC       15.00
2902DEC.28'95H06PFUND     10.00
2902DEC.28'95H06A&T FUND  20.00
```

RECEIVED
OCT 27 1995

The true consideration for this conveyance is $ gift

"THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930."

Dated: October 24, 1995

*/s/ Michael A. Lampe*
Michael A. Lampe

*/s/ Sandra L. Lampe*
Sandra L. Lampe

STATE OF   CALIFORNIA      )
                           ) ss.
County of _____  )
This instrument was acknowledged before me on _____ by
Michael A. Lampe and Sandra L. Lampe
_____
                                        See Attached California Certificate
                            Notary Public for ~~Oregon~~ California
                            My commission expires: _____

Until a change is requested, all tax statements shall be sent to the following address:
1291 Crest Drive, Eugene, OR 97405

After recording return to: Western Pioneer Title Co., P.O. Box 10146, Eugene, Oregon 97440

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  9574035

State of — California —
County of — Alameda —
On — 11/2/95 — before me, — Rosemary Vazquez, Notary Public —
personally appeared — Michael A. Vampe and Sandra K. Vampe —

☐ personally known to me — OR — ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ROSEMARY VAZQUEZ
COMM. #969844
Notary Public-California
ALAMEDA COUNTY
My Commission Expires
July 22, 1996

WITNESS my hand and official seal.

Rosemary Vazquez
Signature of Notary Public

──────── OPTIONAL ────────

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**
Title or Type of Document: — Individual Bargain and Sale Deed —
Document Date: — October 24, 1995 —  Number of Pages: — 4 plus Exhibit A —
Signer(s) Other Than Named Above: — NONE —

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: — Same as above —
☒ Individual
☐ Corporate Officer
  Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here
N/A

Signer Is Representing:
— NONE —

Signer's Name: — Same as above —
☒ Individual
☐ Corporate Officer
  Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here
N/A

Signer Is Representing:
— NONE —

© 1994 National Notary Association • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

9574035

EXHIBIT "A"

PARCEL I:

Beginning at a point 1.60 chains North of the Southeast corner of the Northwest 1/4 of the Southeast 1/4 of Section 12, Township 18 South, Range 4 West of the Willamette Meridian, (said corner being marked on the ground by a 1 1/4 inch iron pipe and also being the Southeast corner of County Survey No. 1697); thence North 74° 50' East 22.3 feet to a point which is on the Southerly extension of an existing fence line marking the Easterly boundary of the herein described tract of land; thence North 0° 05' East 229.7 feet along said extension and existing fence line, the Southerly end of which is marked by a 3/4 inch iron pipe, to a point marked by a 3/4 inch iron pipe set in a fence corner; thence South 88° 55' West 75.0 feet along the existing fence line which marks the Northerly boundary of the herein described tract to a point marked by a 3/4 inch iron pipe; thence South 0° 05' West 248.6 feet on a line parallel with and 75 feet from the Easterly line of the herein described tract to a point; thence North 74° 50' East 55.4 feet to the point of beginning, in Lane County, Oregon.

PARCEL II:

Beginning at the 1 1/4 inch iron pipe set in County Survey No. 1697 to mark the Southeast corner of the Northwest one-quarter of the Southeast one-quarter of Section 12, Township 18 South, Range 4 West of the Willamette Meridian; thence North 105.60 feet along the East line of said County Survey as found in that survey for E. B. Rolfe by Follett and Ford in June, 1946, to a point; thence North 74° 50' East 23.02 feet along the centerline of Crest Drive as shown in said 1946 survey to the True Point of Beginning in the Southerly extension of the East line of said 1946 survey as monumented on the ground (said point bearing South 0° 05' West 27.04 feet from the 3/4 inch iron pipe set in said 1946 survey and called in the subsequent deeds from Rolfe to Stenson); thence North 0° 05' East 231.74 feet along the East line of said 1946 survey as monumented on the ground to a point on the Westerly line of that survey of the School District No. 4 tract filed at the Lane County Surveyor's Office under No. 12936 (said point bearing North 0° 05' East 2.82 feet from the 3/4 inch iron pipe set in said 1946 survey and called in the deeds from Rolfe to Stenson, and South 89° 54' 25" East 2.15 feet from the 1/2 inch iron pipe set in said Survey No. 12936); thence South 89° 54' 25" East 12.93 feet along said Westerly line to a 1/2 inch iron pipe set in said Survey No. 12936 and, by record, bearing North 238.0 feet and East 35.0 feet from the Southeast corner of the Northwest one-quarter of the Southeast one-quarter of said Section 12; thence South 1° 06' 37" East 226.98 feet along said Westerly line to a point (being referenced on the ground by a 1/2 inch iron pipe set in said Survey No. 12936 and bearing North 1° 06' 37" West 27.38 feet); thence South 74° 50' West 18.30 feet to the True Point of Beginning, in Lane County, Oregon.

State of Oregon
County of Lane — ss.
I, the County Clerk, in and for the said County, do hereby certify that the within instrument was received for record at

26 DEC 95 9:51

Reel 2126R

Lane County OFFICIAL Records
Lane County Clerk

By: _____
County Clerk

OCT 27

EXHIBIT A
Page 5 of 5